SHELTON RANSDALL v. BENJ. TRISLER.

**Demurrer — Pleadings — Sufficient Allegations in Bill to Quiet Title to Land.**
Where the petitioner fully sets out and alleges title and possession of
lands, in a suit in the Chancery Division of the Circuit Court to quiet
title to said lands, it is a sufficient compliance with the act of the
Legislature approved March 9, 1854, entitled "An act to quiet the title
to lands" which provides that it shall be lawful for any person having
both the legal title and possession of lands to institute and prosecute
a suit by petition in equity in the Circuit Court of the county where the
lands or some part thereof lie, against any other person setting up claim
thereto, etc., and a demurrer to the petition should have been overruled.

APPEAL FROM MERCER CIRCUIT COURT.

June 20, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

Taking the allegations of the petition as true, as will be done
for the purpose of the trial of the issue of law raised by the de-
murrer, and it appears that appellant has the legal title to the
land, adjudged to him by a court of competent jurisdiction, and
was in the possession of it when he instituted his action; but hav-
ing failed to revive the action, in which his right to the land was
determined, against appellee, as an heir of his mother who was a
defendant thereto, and who died during its pendency, and under
whom he entered and claimed, that he could not be, therefore,
properly turned out, although the claim of his mother was ad-
judicated in that action, and a judgment rendered adverse to her
claim, and that appellee by a mere technical objection to the pro-
ceedings is seeking to obtain the possession from him without
right. And upon these allegations he prays that his claim as
between appellee and himself may be investigated and settled, and
for that purpose makes the record and proceedings in the action
of himself against Mrs. Martha Trisler, mother of appellee, and
others part of his petition, prays for an injunction enjoining ap-
pellee from disturbing him in the possession of the land, and to
be quited in his title.

To the petition appellee demurred, his demurrer was sustained,

and appellant having failed to amend the same was dismissed, and of the judgment dismissing his petition appellant complains.

Claiming to have the legal title to the land, of which appellee was adjudged to have been wrongfully dispossessed, appellant could properly bring his action, to try the title, and even if he had brought his action, for that purpose, in the wrong forum, it was no reason under the Civil Code for dismissing it, or for sustaining a demurrer to the petition. The judgment for a restitution of the possession did not necessarily determine his right to the land, that from all that appears was a subject of litigation between the parties, and the facts stated in the petition are sufficient to present that question.

But we apprehend that under an act of the Legislature approved March 9, 1854, entitled *"An Act to quiet the title to lands,"* this action could be maintained, which provides that it shall and may be lawful for any person having both the legal title and possession of lands to institute and prosecute a suit by petition in equity in the Circuit Court of the county where the lands, or some part thereof lie, against any other person setting up claim thereto; and if the plaintiff shall be able to establish, and does establish, his title to said land, the defendant shall be by the court ordered and decreed to release his claim thereto, and to pay the plaintiff his costs, unless the defendant shall by his answer disclaim all title to such land and offer to give such release to the plaintiff; in which case the plaintiff pay the defendant his cost, except for special reasons the court should otherwise decree.

As appellee set up claim to the land to which appellant alleges he had the legal title, and is in the possession thereof, it seems to be just such a case as was intended to be provided for by the statute.

Wherefore, the judgment is reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings consistent with this opinion.

*Harlan,* Appellant.

*C. A. Hardin,* Appellee.